**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**
*ELECTRONICALLY FILED*

| | |
|---|---|
| **DONNA CHAMBERS,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v. ) | |
| ) | **Civil Action No. 5:07-cv-135-JMH** |
| **E. W. JAMES & SONS, INC.,** ) | |
| ) | |
| **DEFENDANT.** ) | |
| ) | |
| ) | |
| ) | |

**DEFENDANT E. W. JAMES & SONS, INC.'S MEMORANDUM**
**IN SUPPORT OF ITS MOTION FOR ATTORNEY'S FEES AND EXPENSES**

**I.    INTRODUCTION**

Plaintiff Donna Chambers ("Chambers") filed a frivolous "shotgun" complaint against her former employer, E.W. James & Sons, Inc. ("E.W. James") claiming her employment was terminated because of her age, disability, and sex. Chambers was actually terminated from her employment for calling a co-worker a "fucking bitch" within inches of a customer.

After Chambers filed this complaint in state court, E.W. James removed the matter to this Court. After removal, Chambers failed to engage in any disclosures or discovery whatsoever, even after being reminded several times of her obligations under the Federal Rules of Civil Procedure. On March 19, 2008, E.W. James filed a motion for summary judgment. In response, Chambers submitted a brief that expressly conceded it lacked the evidence necessary to survive summary judgment. In addition, Chambers submitted her own self-serving "sham" declaration riddled with hearsay, conclusory and irrelevant statements, and opinion that fell far short of the standards set by Fed. R. Civ. P. 56 for admissible evidence opposing summary judgment.

Chambers also attempted to file a collection of unauthenticated medical records, but ultimately failed to file these records in accordance with the rules of this Court or serve these records on defense counsel. In response to these inadequate offerings, E.W. James filed a motion to strike; Chambers failed to respond to that motion, tacitly conceding her claims were unsupported by any evidence.

In sum, Chambers filed a set of baseless claims, did nothing to develop those claims, and then filed a summary judgment response with bogus evidentiary support. E.W. James has spent considerable resources defending against these frivolous claims and submissions, and should not be punished for Chambers' unacceptably lax attitude towards litigating in the federal courts. E.W. James is entitled to fair reimbursement for these efforts, and should accordingly be awarded all of its attorney's fees and litigation expenses pursuant to Fed. R. Civ. P. 11 and 54, 28 U.S.C. §1927, and this Court's inherent powers.

## II.    FACTUAL BACKGROUND

Chambers filed this action in Madison (Ky.) Circuit Court on March 19, 2007, alleging she was unlawfully terminated from her employment with E.W. James because of her age, disability and sex in violation of the Kentucky Civil Rights Act. (DN 1, Ex. 1). E.W. James was served with Chambers' Summons and Complaint on or about April 21, 2007. On May 10, 2007, E.W. James timely removed the case to this Court on the basis of diversity jurisdiction. (DN 1).

On June 21, 2007, this Court ordered the parties to meet and confer on various case management issues, including a proposed discovery plan. (DN 9). Counsel for both parties subsequently met and submitted a joint Fed. R. Civ. P. 26 (f) report for the Court's consideration. (DN 10). Regarding the parties' required Fed. R. Civ. P. 26 (a) (1) initial disclosures, the parties agreed as follows: "The Plaintiff will serve by September 1, 2007 the information required by

Fed. R. Civ. P. 26 (a) (1). Defendant shall do so within thirty (30) days of receiving Plaintiff's disclosures." On August 6, 2007, the Court entered its Scheduling Order (DN 11).

Chambers failed to provide her initial disclosures by September 1, 2007, as agreed. On September 6, 2007, defense counsel mailed Chambers' counsel of record a letter reminding them of their Rule 26 (a) (1) obligation, stating:

> As you are aware, Fed. R. Civ. P. 26 (a) (1) requires the parties to make their initial discovery disclosures within fourteen (14) days of the parties' initial planning meeting, unless a different time is set by stipulation or court order. While Judge Hood's scheduling order did not set deadlines for these initial disclosures, the parties stipulated in their parties' planning meeting report that Plaintiff's disclosures were due to be served by September 1, 2007, with Defendant's disclosures to follow within thirty (30) days of receipt.
>
> Accordingly, per the Federal Rules and the parties' stipulation, your client's initial disclosures are overdue. Please provide these required disclosures to us by Friday, September 14, 2007.

(DN 23, Ex. A). Chambers, however, did not provide her disclosures by September 14, 2007, or respond in any other way to this letter.

On November 9, 2007, defense counsel received a telephone call from Chambers' counsel apologizing for the delay in producing his client's required disclosures, and promising to send those disclosures within the next week. Chambers, however, did not provide her disclosures as promised – either in November 2007 or at any time since then.

On March 19, 2008, a full year to the day after this action was filed, E.W. James filed its motion for summary judgment – without having received Chambers' required initial disclosures, or any other discovery requests or deposition notices from Chambers. This motion remains pending with the Court.

On April 9, 2008, Chambers filed her response in opposition to E.W. James' motion for summary judgment. This response openly admitted that Chambers lacked evidence to support

3

her discrimination claim, and claimed – incredibly – that she needed an opportunity to conduct discovery. See DN 18, Chambers's Response, p. 5 (conceding lack of affidavit testimony), p. 10 (complaining that "additional time is needed to conduct discovery" on relevant issues). Of course, Chambers never took any steps during the subsequent three months to pursue this discovery.

Attached to Chambers's summary judgment response were two exhibits: (1) the "affidavit" of Donna Chambers, and (2) a compilation of unauthenticated documents purporting to be Chambers' medical records.[1] On May 5, 2008, E.W. James moved to strike these exhibits (DN 23); Chambers did not respond to this motion.

On July 1, 2008, discovery closed without Chambers having engaged in any discovery activity. She served no disclosures, no interrogatories, no document requests, no requests for admissions, no notices of depositions, and no subpoenas.

On July 18, 2008, E.W. James served a copy of its motion for attorney's fees and this supporting memorandum on Chambers's counsel, along with a letter informing Chambers's counsel that if their client did not withdraw her opposition to E.W. James's motion for summary judgment in twenty-one (21) days, E.W. James would file its motion for attorney's fees with the Court. *See* Ex. A, 7/18/08 letter to Chambers's counsel.

On August 12, 2008, E.W. James filed the instant motion. At the time of filing, Chambers had not withdrawn her opposition to E.W. James's motion for summary judgment.

---

[1] Chambers attempted to file these purported medical records conventionally, *i.e.,* not through the CM/ECF filing system (DN 19). The clerk of court rejected this attempt (4/10/08 unnumbered docket entry) and instructed Chambers to file her exhibit through the CM/ECF system. As of the filing of this motion, Chambers had neither e-filed this exhibit nor served paper copies to defense counsel via U.S. mail. Chambers' failure to file or serve this exhibit is grounds to strike it from the record. Fed. R. Civ. P. 5 (a), 5 (d), 12 (f).

4

### III.   LAW AND ARGUMENT

**A.   E.W. James Should Be Awarded Its Attorney's Fees and Expenses Pursuant to Fed. R. Civ. P. 11**

Chambers and her counsel have engaged in reckless and frivolous litigation that has only served to penalize E.W. James. E. W. James should be fully compensated for the costs of this senseless conduct through an award of attorney's fees and expenses pursuant to Fed. R. Civ. P. 11.

Pursuant to Rule 11 (b), an individual who files a pleading or other paper with a court certifies that:

> (1) *it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;*
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) *the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;* and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(emphasis added). In the Sixth Circuit, "the test for determining whether a party has violated Rule 11 is whether the individual's conduct was reasonable under the circumstances." *Harris v. Kaydon Corp.*, 2008 WL 51789 at *4 (E.D. Mich., Jan. 2, 2008) (citing *Ridder v. City of Springfield*, 109 F.3d 288, 193 (6th Cir. 1997)). "The standard is an objective one[;] thus, an attorney's good faith is not a defense." *Id.* (citing *Jackson v. Law Firm on O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989)). Upon finding that Rule 11 has been violated, the court may impose an appropriate sanction upon the attorneys, law firms, or parties that have violated the rule. Fed. R. Civ. P. 11(c). An award of some or all of the reasonable

attorneys' fees and other expenses incurred is expressly contemplated as an appropriate sanction. *Id.*

Here, Chambers and her counsel filed a "shotgun" complaint, an affidavit, and a summary judgment response that lacked any evidentiary support. Chambers and her counsel made *no effort whatsoever* to develop the claims in her complaint through discovery, despite having over fifteen months to do so, and despite being informed by E.W. James' motion to strike that this failure would prove fatal to Chambers's claims.

When E.W. James filed its motion for summary judgment, Chambers and her attorneys submitted a groundless response that was supported by a self-serving declaration from Chambers and an unauthenticated set of medical records that were never actually filed with the Court. E.W. James moved to strike both these exhibits, and Chambers and her attorneys failed to file any response at all, implicitly acknowledging the speciousness of this purported evidence.

Thus, the record establishes that the allegations of Chambers's Complaint and summary judgment response had no evidentiary support at all, even after a full and fair discovery period was provided with which to develop these allegations. No set of circumstances could excuse such reckless treatment of the litigation process as objectively reasonable. Indeed, such behavior necessarily indicates that Chambers and her counsel knew Chambers's claims were groundless, and simply pursued these claims for an improper purpose. *See, e.g., Kaydon*, 2008 WL 51789 at *5 (Plaintiff's and his counsel's failure to respond properly to summary judgment motion grounds for Rule 11 sanction tantamount to an admission that there was never any basis to support the asserted claims); *Andretti v. Borla Performance Indust., Inc.,* 426 F.3d 824, 835 (6th Cir. 2005) (Rule 11 sanctions appropriate when plaintiff's attorney "prolonged the inevitable at a

cost to [Defendant] by refusing to voluntarily dismiss [his claim] and forcing [Defendant] to pursue a dispositive motion in order to have the claim dismissed.").

When plaintiffs and their counsel fail to ensure even a minimal foundation for their claims, it falls on defendants, and courts, to spend considerable resources and effort dispensing of those claims. Rule 11 provides that a sanction equivalent to the aggrieved party's reasonable attorney's fees and expenses is appropriate in such situations; given the facts of this case, such sanctions are warranted, if not mandated.

### B.    Chambers's Counsel Should be Sanctioned Pursuant to 28 U.S.C. § 1927

The conduct of Chambers's counsel also constitutes an independent violation of 28 U.S.C. § 1927, which provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

The applicable standard in this Circuit is not bad faith, but whether the attorney has unreasonably and vexatiously multiplied the litigation. *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). Where an attorney persists in asserting a claim that is revealed to have no evidentiary support following discovery, that conduct amounts to unreasonable and vexatious multiplication of the proceedings. *Ridder*, 109 F.3d at 297.

Under the plain language of the statute and the applicable standard as applied in *Ridder*, Chambers's counsel has unreasonably and vexatiously multiplied the litigation. Chambers's counsel had a full and fair chance to develop their client's claims through discovery, but failed to take a single step to do so; then, in response to E.W. James's motion for summary judgment, the best they could offer was a plainly inadequate declaration from their own client. Finally, when that declaration was challenged through a motion to strike, Chambers's counsel failed to file any

7

response at all – and took no steps whatsoever to withdraw their client's Complaint, declaration or summary judgment response.

Throughout this case, Chambers's counsel had the opportunity and the obligation to dismiss their client's claims as groundless; at the very least, they had the obligation not to *perpetuate* those claims in subsequent filings with the Court. Yet this is exactly what Chambers's counsel has done. By persisting with the notion that a genuine issue of material fact existed that required a trial, Chambers' counsel forced E.W. James to file a motion for summary judgment with a supporting memorandum and declarations, a reply memorandum in support of summary judgment, and a motion to strike. The expenses incurred by E.W. James in attempting to dispose of this case should be borne by Plaintiff's counsel, whose actions and inactions are to blame, along with their client.

Not only has Chambers's counsel wasted E.W. James's time and resources, they have wasted the Court's time and resources by requiring the Court to render a summary judgment ruling on claims that should have been withdrawn or dismissed voluntarily. As a result, the Court should consider sanctions based not only on E.W. James's time and effort in moving for summary judgment, but also on the Court's time and effort in deciding the motion. The value of the Court's time for purposes of imposing sanctions was determined, in 1986, to be six hundred dollars per hour. *Thiel v. First Fed. Savings & Loan Assoc.,* 646 F.Supp. 592, 597 (N.D. Ind. 1986) (each hour spent on case by federal judge costs government $600). If the Court's time was valued at $600 per hour in 1986, its value today twenty-two years later is most certainly substantially higher.

When, as here, "an attorney objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party,"

attorney fees and expenses under 28 U.S.C. § 1927 are warranted and appropriate. *Bailey v. Papa John's USA, Inc.*, 236 Fed. Appx. 200, 204 (6th Cir. 2007) (citations and quotations omitted).

### C. E.W. James is Entitled to Attorney Fees and Expenses Pursuant to the Court's Inherent Powers

This Court has inherent power to award attorney fees and expenses. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *see also Lake Village Water Ass'n v. Sorrell*, 815 S.W.2d 418, 421 (Ky. App. 1991) ("[T]he United States Supreme Court has recently held that a *federal* court may invoke its *inherent* power to impose attorney's fees and related expenses on a party as a sanction for bad faith conduct, regardless of the existence of statutory authority or remedial rules.") (emphasis original) (citation omitted). The standard for imposing attorney fees and related expenses as a sanction based upon the inherent power of the Court has been developed in the federal case law. The Sixth Circuit has tracked this development and notes the current standard as follows:

> We start with the premise that under the American Rule, absent statutory authorization or an established contrary exception, each party bears its own attorney's fees. The principal exception to this rule is a district court's inherent authority to award fees when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons. In order to award attorney's fees under this bad faith exception, a district court must find that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.

*Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313-14 (6th Cir. 1997) (citations and quotations omitted).

For all the reasons stated above, E.W. James is deserving of an award of fees and expenses under this principle as well. Chambers and her counsel have provided a perfect example of the infamous "frivolous lawsuit" that leads the public to call the practice of law into question. Complaints and summary judgment responses are public records containing serious

accusations; here, Chambers has openly and notoriously accused E.W. James of discrimination against women, older people, and the disabled. Litigants and attorneys are permitted to make these accusations under the assumption they will at least provide a colorable evidentiary basis for their claims; this was clearly not accomplished here, and Chambers's attorneys should have known this. Consequently, attorney fees and expenses should be allowed. *See Cooter & Gell v. Hartmax Corp.,* 496 U.S. 384, 405 (1990) (sanctions are appropriate to prevent abuse of the judicial system such as the filing of frivolous and/or malicious lawsuits).

### IV. Conclusion

For all these reasons, E.W. James's motion for attorney's fees and expenses should be granted in full. The entire award should be imposed jointly and severally against Chambers and each of her attorneys.

Respectfully submitted,

s/John O. Sheller
John O. Sheller
Jeffrey A. Calabrese
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY  40202
(502) 333-6000
*Counsel for Defendant,*
*E. W. James & Sons, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that the foregoing was served via the CM/ECF electronic filing system this 13th day of August, 2008, upon the following:

Darren L. Embry, Esq.
Law Offices of Darren L. Embry, PSC
1010 Monarch Drive, Suite 250
Lexington, Kentucky  40591

Joshua M. Robinson, Esq.
Coben & Associates
8710 East Vista Bonita Drive
Scottsdale, Arizona  85255

Douglas J. Hallock, Esq.
12109 Eastbay Court
Louisville, Kentucky  40245

*Counsel of Record for Plaintiff*

                                           s/ John O. Sheller
                                           *Counsel for Defendant,*
                                           *E. W. James & Sons, Inc.*

109522.127207/532733.1