```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON


DONNA CHAMBERS,                   )
                                  )
                                  ) Civil Action No. 5:07-135-JMH
      Plaintiff,                  )
                                  )
v.                                )
                                  )
                                  ) MEMORANDUM OPINION AND ORDER
E.W. JAMES & SONS, INC.,          )
                                  )
      Defendant.                  )
```

                 **        **        **        **        **

This matter is before the Court on the Motion for Attorney's Fees and Expenses filed by Defendant E.W. James & Sons, Inc. (hereinafter, "E.W. James") [Record No. 25]. Plaintiff and Plaintiff's counsel have filed a Response in opposition to the motion [Record No. 31], and E.W. James has filed a Reply in Further Support of its motion.[1]  In its Motion, Defendant seeks an award in

---

[1] Additionally, Plaintiff and Plaintiff's counsel have filed a pleading styled a "Response Memorandum in Response to Defendant's Reply Brief." [Record No. 34.]  Such a pleading is not contemplated by LR 7.1(c), which provides only for response and reply memoranda in motion practice before this Court, nor did Plaintiff and her counsel seek leave of court to file such a pleading prior to filing it in the record.
   E.W. James filed a Motion to Strike Plaintiff's Surreply to Defendant's Motion for Attorney's Fees and Expenses. [Record No. 35.]  Plaintiff and Plaintiff's counsel have filed a Response in opposition to the Motion to Strike [Record No. 37] and a Motion for Leave to File Surreply [Record No. 36].  Finally, Defendant has filed a Reply in Support of its Motion to Strike [Record No. 38.]
   The Court has considered these competing motions and is of the opinion that the surreply offers nothing that will assist the Court in resolving the Motion for Attorney's Fees and Expenses.  Simply

the amount of its attorney's fees and litigation expenses from Plaintiff and Plaintiff's counsel pursuant to Fed. R. Civ. P. 11 and 54, 28 U.S.C. § 1927, and this Court's inherent powers.[2]

The Court being sufficiently advised, this motion is ripe for decision.  For the reasons stated below, Defendant's motion shall be granted.

I.  BACKGROUND

Chambers filed her Complaint on March 19, 2007, in Madison Circuit Court, alleging that she was terminated from her employment with E.W. James on account of her age, disability, and sex, in violation of the Kentucky Civil Rights Act.  [Record No. 1] E.W.

---

stated, it is not responsive in any meaningful or relevant way to E.W. James' Reply in further Support of its Motion for Attorney's Fees and Expenses. Accordingly, E.W. James' Motion to Strike shall be granted, and Plaintiff and Plaintiff's counsel's Motion for Leave to File Surreply shall be denied.

[2] Before this Court can impose sanctions pursuant to Fed. R> Civ. P. 11, 28 U.S.C. § 1927 or under the Court's inherent powers, notice and an opportunity to be heard must be provided to the respondent subject to the requested sanction. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980).  In this instance, there is no allegation of bad faith on the part of the Respondents, and this Court is of the opinion that an evidentiary hearing would not assist the court in making its decision. *See Cook v. American S.S. Co.*, 134 F.3d 771, 775 (6th Cir. 1998) ("It is within the discretion of the district court to determine whether an evidentiary hearing would assist the court in its decision [regarding sanctions under 28 U.S.C. § 1927]."); *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 405 (6th Cir. 1987) (where bad faith is alleged, hearing on the merits generally required). Rather, as Plaintiff and her counsel have been served with the motion for the requested sanction and have had an opportunity to be heard by virtue of the Response filed in this matter, they have been afforded adequate notice and opportunity to be heard in advance of the imposition of any sanction.

James was served with the Summons and Complaint on April 21, 2007, and timely removed the matter to this Court on the basis of diversity jurisdiction on May 10, 2007. [Record No. 1.]

As the Court understands it, Plaintiff's counsel, Darren L. Embry and Douglas J. Hallock undertook to perform an pre-suit investigation prior to filing that complaint. This inquiry included pre-suit discussions with Plaintiff, interviews of her former co-workers, and Hon. Embry's experience as a representative for Plaintiff at an unemployment appeal hearing that included cross-examination of her ex-supervisors and co-workers. Additionally, at some point, Hon. Hallock spoke with Plaintiff and Plaintiff's former co-worker, Connie Norton Jones, who initially agreed to assist in the prosecution of this case by signing an Affidavit which would, one supposes, offer support to Plaintiff's claims, but only "when it became absolutely necessary."

In any event, on June 21, 2007, the Court ordered the parties to meet and confer on case management issues, including a proposed discovery plan. Counsel for both parties met and submitted a joint Fed. R. Civ. P. 26(f) report for the Court's consideration. [Record No. 10.] In that report, the parties agreed that Plaintiff would serve "the information required by Fed. R. Civ. P. 26(a)(1)" by September 1, 2007. [*Id.*] Defendant was to make its disclosures within 30 days of receiving Plaintiff's disclosures. [*Id.*] Chambers did not provide her initial disclosures by September 1,

2007.  E.W. James' counsel wrote to Plaintiff's counsel of record on September 6, 2007, advising him that his initial discovery disclosures were overdue, but received neither disclosures nor any response to the letter.  On November 9, 2007, defense counsel finally received a telephone call from Chambers' counsel apologizing for the delay in producing the disclosures and promising to send them within a week.  No disclosures, however, were ever received.

Finally, on March 19, 2008, E.W. James filed a Motion for Summary Judgment, never having received the initial disclosures required of Chambers, any discovery requests, or deposition notices.  Chambers then filed her response in opposition to the Motion for Summary Judgment on April 9, 2008, admitting that she lacked evidence to support her discrimination claim and claiming, without specificity, that additional time was "needed to conduct discovery" on relevant issues.[3] [Record No. 18 at 5, 10.]

On July 1, 2008, the discovery period closed without Chambers

---

[3] Attached to Plaintiff's summary judgment response was one exhibit, the affidavit of Donna Chambers.  Apparently, Chambers also attempted to file conventionally, i.e., not through the CM/ECF filing system, a compilation of unauthenticated documents that were purportedly her medical records.  The Clerk of Court directed Chambers to file her exhibit through the CM/ECF system, but there is no record of these materials ever having been filed.  In any event, E.W. James moved to strike both the affidavit of Plaintiff and the compilation of documents on May 5, 2008.  Chambers did not respond, and the motion to strike was ultimately granted by the Court's memorandum opinion and order of August 20, 2008. [Record No. 26.]

4

having served disclosures, interrogatories, document requests, requests for admissions, notices of depositions, or subpoenas. Then, on July 18, 2008, E.W. James served a copy of its motion for attorney's fees and supporting memorandum, along with a letter informing Chambers' counsel that if Chambers did not withdraw her opposition to the motion for summary judgment within twenty-one days, E.W. James would file the motion for attorney's fees with the court. Chambers took no action, and, on August 12, 2008, E.W. James filed the motion at bar. Since that time, the Court has granted E.W. James' Motion for Summary Judgment and entered a Judgment in Defendants' favor, dismissing all of Plaintiff's claims. [Record Nos. 26 and 27.]

The Court has carefully considered the parties' arguments and evidence and finds that relief is appropriate for the reasons stated below.

**II. DISCUSSION**

    **A.    Fed. R. Civ. P. 11**

Fed. R. Civ. P. 11(b) provides that:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of

>   litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11 sanctions may be imposed "on any attorney, law firm, or party that violated the rule or is responsible for the violation."[4] Fed. R. Civ. P. 11(c). As sanctions, the Court may award the prevailing party its "reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). The sanction must, however, "be limited to what suffices to deter repetition of the conduct or comparable conduct by others similar situated" and may include, if imposed "on motion and warranted for effective deterrence, an order directing payment to the movant of

---

[4] In this instance, Defendant appropriately provided Plaintiff and Plaintiff's counsel with 21 days to withdraw the challenged paper, the Response to the Motion for Summary Judgment, prior to filing the Motion for Sanctions with this Court. *See* Fed. R. Civ. P. 11(b)(2).

part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

**B. 28 U.S.C. ¶ 1927**

28 U.S.C. § 1927 provides for an award of reasonable attorneys' fees where an attorney "multiplies the proceedings in any case unreasonably and vexatiously."[5] *See Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002); *In re Ruben*, 825 F.2d at 983.

> We construe "vexatiously multiplying proceedings" to include conduct where "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). We have also held that § 1927 sanctions are appropriate where "an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City of Massillon,* 78 F.3d 1041, 1049 (6th Cir. 1996) (quoting *In Re Ruben,* 825 F.2d 977, 984 (6th Cir. 1987)). Simple inadvertence and negligence are not grounds for imposing § 1927 sanctions. *See Ridder v. City of Springfield,* 109 F.3d 288, 298 (6th Cir. 1997).

*Shepherd,* 313 F.3d at 969. More recently, the Sixth Circuit has held that sanctions are appropriate under § 1927 only where the

---

[5] Relief under 28 U.S.C. § 1927 is not available against Plaintiff Chambers, only against her counsel. *See Zaldivar v. City of Los Angeles*, 780 F.2d 823, 931 (9th Cir. 1986); *U.S. v. Inter'l Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of Amer., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) ("clients may not be saddled with such awards").

attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios, Div. of Source Advantage, Ltd. v. Slater*, 465 F.3d 642, 646 (6th Cir. 2006).

In order for the Court to impose sanctions under this theory, E.W. James must establish by clear and convincing evidence specific acts demonstrating that Embry and Hallock have (1) multiplied proceedings (2) in an unreasonable and vexatious manner, (3) thereby increasing the cost of the proceedings, and (4) done so in bad faith or by intentional misconduct. *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3rd Cir. 2002). § 1927 sanctions are proper when counsel files or pursues a frivolous lawsuit. *Ridder*, 109 F.3d at 298. It is not a defense that another attorney filed the lawsuit. Both the attorney filing the lawsuit and the attorney continuing to maintain the lawsuit may be subject to sanctions. *Rathbun v. Warren City Sch.*, 825 F.2d 977, 987 (6th Cir. 1987). When determining whether an attorney pursued a frivolous claim, the Court should look not only at the adequacy of the pre-filing investigation, but also "whether [the attorney] continued to pursue the case in bad faith after some discrete moment in history" when it became apparent that the claim had no basis. *Id.*

The Court is mindful that inadvertence or negligence that frustrates the trial judge will not support a sanction under §

1927. *In re Ruben*, 825 F.2d at 984. There must be some conduct on the part of the attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party. *Id.* Section 1927 does not concern itself with the merits of the case. Rather, it is concerned only with limiting the abuse of court processes. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980) ("[S]ection 1927 does not distinguish between winners and losers, or between plaintiffs and defendants. The statute is indifferent to the equities of the dispute and to the values advanced by the substantive law"). The inquiry is an objective one, and a party need "not demonstrate that an [opposing party] or his attorneys acted in bad faith to succeed on a motion for sanctions." *Tereco Prop. v. Morriss*, 321 F.3d 545, 550 (6th Cir. 2003); *see also Ridder*, 109 F.3d at 298 ("Fees may be assessed without a finding of bad faith, 'at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims.'") (quoting *Jones*, 789 F.2d at 1230; *In re Ruben*, 825 F.2d at 984 (". . . the standard for [§] 1927 determinations in this circuit is an *objective* one, entirely different from determinations under the bad faith rule.").

"An attorney may be held liable under 28 U.S.C. §  1927

'solely for *excessive* costs resulting from the violative conduct.'" *Garner v. Cuyahoga County Juvenile Court*, ___ F.3d ___, 2009 WL 137227, *19 (6th Cir. Jan. 22, 2009), quoting *Ridder,* 109 F.3d at 299 (emphasis added)). As a general matter, a blanket award of all fees cannot square with the section's requirement that only excess amounts be allowed. *In re Yagman*, 796 F.2d at 1184; *see also Riddle v. Egensperger*, 266 F.3d 542 (6th Cir. 2001) ("An attorney is liable under [§] 1927 solely for excessive costs resulting from the violative conduct"). Nor should a district judge await the aggregation of what he considers multiple acts of misconduct and then levy an aggregated sanction under § 1927. *See In re Ruben*, 825 F.2d at 990. Rather, the Court must make specific findings as to the exact misconduct which multiplied the proceedings, and the amount of attorneys' fees occasioned by the particular misconduct. *See In re Yagman*, 796 F.2d at 1184; *see also In re Ruben*, 825 F.2d at 990-91. That said, when frivolous claims are asserted and pursued, all costs, expenses, and attorney fees incurred by the opposing party may constitute "excess" costs, expenses, and attorney fees under § 1927. *Ridder*, 109 F.3d at 298-99 (counsel liable for excess costs resulting from initial filing and persistent assertion of meritless claims, conduct that amounted to unreasonable and vexatious multiplication of the proceedings). Counsel has an affirmative duty to act, for purposes of § 1927, and to withdraw any claim once it becomes clear that it has no support.

10

*Ridder*, 109 F.3d 288, 299 (6th Cir. 1997).

In undertaking this analysis, the Court is sensitive to the fact that "[a]n award of attorney's fees against a losing plaintiff . . . is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones,* 789 F.2d at 1232 (construing § 1927 in context of civil rights case, in which it is intrinsic that plaintiffs may not possess full evidentiary support at outset).

## C. THE COURT'S INHERENT POWER

Finally, a federal court possesses inherent power to sanction parties and their counsel for misconduct where a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons.[6] *Chambers v. NASCO, Inc.*, 501 U.S.32, 45-47, 57 (1991). The power extends to a full range of litigation abuses, both inside and "beyond the courtroom." *Id*. at 45-46, 57. The decision of whether to award attorneys' fees pursuant to the Court's "inherent powers" is equitable, and depends upon whether "the interests of justice so require." *Consumers Power Co. v. U.S. Dept. of Energy*, 894 F.2d 1571, 1579 (Em. App. 1990) (*citing Hall v. Cole*, 412 U.S. 1 (1973)); *see also Bergman v. U.S.*, 844 F.2d 353, 362 (6th Cir. 1998) ("the power to award such fees is part of the original authority of the chancellor to do equity in a particular

---

[6] The power to award attorneys' fees under this exception extends to parties as well as attorneys. *Ruben v. Rathbun (In re Ruben)*, 825 F.2d 977, 983 (6th Cir. 1987).

11

situation").

In order for the Court to properly exercise this power, "[t]he moving party must prove by clear and convincing evidence that the other party's actions are entirely without color and are motivated by bad faith." *Garner v. Cuyahoga County Juvenile Court*, 2007 WL 1023179, *3 (N.D.Ohio 2007) (citing *Shepherd v. Am. Broad. Co., Inc.,* 62 F.3d 1469, 1477 (D.C.Cir. 1995); *Autorama Corp. v. Stewart,* 802 F.2d 1284, 1287 (10th Cir.1986); *Weinberger v. Centrex,* 698 F.2d 61, 80 (2d Cir.1982)), *aff'd in part and rev'd in part*, ___ F.3d ___, 2009 WL 137227. Neither mercilessness alone nor improper motives alone will suffice. *Weinberger*, 698 F.2d at 80; *see also Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1375 (6th Cir. 1987) (requiring that motive for filing be an improper purpose such as harassment); *Big Yank*, 125 F.3d at 313-14). That said, sanctions may also be appropriate where the moving party demonstrates "[i]mproper purpose," including harassment and conduct that is "tantamount to bad faith," "even in the absence of a specific finding of bad faith." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 519 (6th Cir. 2002). This includes the "filing of a clearly meritless claim . . . that resulted in extensive discovery and an appeal." *Id.* at 525. Even a colorable claim may not preclude the imposition of sanctions. "A finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a

12

litigant is substantially motivated by vindictiveness, obduracy or *mala fides*, the assertion of a colorable claim" does not bar assessment of fees pursuant to the Court's inherent power. *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).

Whether a claim is "colorable" depends upon whether "a reasonable attorney could have concluded that the facts supporting the claim might be established, not whether such facts actually have been established." *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980). More is required than a showing that a party has a weak or legally insufficient case, or that it was pursued based upon mere negligence. *VioN Corp. v. U.S.*, 906 F.2d 1564, 1566-67 (Fed. Cir. 1980). Rather, in order to award attorneys' fees under this bad faith exception, a district court must find:

> (1) that the claims advanced were meritless;
>
> (2) that counsel [or the party] knew or should have known this;
>
> (3) and that the motive for filing the suit was for an improper purpose such as harassment.

*Big Yank*, 125 F.3d at 313 (citations omitted).

### D. ANALYSIS

As an initial observation, the Court cannot fault what appears to be a reasonable and adequate pre-suit investigation and concludes that, at least at the inception of the suit, counsel and

Plaintiff had a good faith belief that a viable claim existed.[7] Rather, somewhere after the filing of the Complaint, this case went off the tracks. For reasons unknown to the Court, Plaintiff never engaged in discovery and, indeed, never even met her most basic obligation to participate in the initial steps of discovery by making the disclosures required under Fed. R. Civ. P. 26.

Only when faced with a Motion for Summary Judgment did Chambers rally at all. However, instead of offering an appropriately supported motion for a continuance under Fed. R. Civ. P. 56(f),[8] her counsel offered some bald assertions that evidence would be available in time to support her case at trial and attempted to argue against the undisputed facts presented by E.W. James – facts which fully dictated judgment as a matter of law in Defendant's favor.

Oddly enough, Plaintiff and Plaintiff's counsel now offer the explanation that their case was thrown off course because, "after the filing of the Motion for Rule 11 sanctions, [Plaintiff's former co-worker, Connie Norton Jones,] inexplicably withdrew her support and offers of assistance." [Record No. 31 at 6.] Prior to the

---

[7] The Court makes no finding as to the merits of Plaintiff's suit had she been able to offer the evidence that she claims she could have marshaled for trial.

[8] Perhaps counsel decided to forego such an effort because, after the failure to make disclosures required by Fed. R. Civ. P. 26(a)(1), any evidence that Plaintiff might have been able to gather would have been subject to exclusion from consideration by operation of Fed. R. Civ. P. 37(c)(1).

14

"unexpected" withdrawal of support, Plaintiff's counsel claims to have reasonably believed that Ms. Jones would provide unbiased, third-party support for Plaintiff's claims. This is interesting because, by the time the Motion for Rule 11 Sanctions was filed, it was already too late. Plaintiff filed her unsupported response to the Motion for Summary Judgment months in advance of Defendant filing the Motion for Rule 11 sanctions. Plaintiff and her counsel offer no explanation for her failure to obtain an affidavit in support of her claims from Ms. Jones "when it became absolutely necessary," i.e., when the response to the Motion for Summary Judgment was filed.

   The Court concludes that, after Defendant filed its Motion for Summary Judgment and in light of Plaintiff's failure to participate in discovery, Embry and Hallock filed a response which was ultimately presented for an improper purpose, i.e., to delay and needlessly increase the cost of the litigation. This was because the "factual" contentions offered in the Response had no evidentiary support and were not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery because it was too late for that due to the operation of Fed. R. Civ. P. 37(c). Ultimately, any denials of Defendant's factual contentions were not warranted on the evidence. Thus, Embry and Hallock intentionally multiplied proceedings in an unreasonable and vexatious manner, thereby increasing the cost of

the proceedings, by filing a Response to the Motion for Summary Judgment which was completely unsupported by any evidence suggesting that Plaintiff's claim could be meritorious. *See Prudential*, 278 F.3d at 188. As such, relief is merited under both Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, but not by virtue of an exercise of the Court's inherent power to sanction. It is the opinion of this Court that counsels' intentional conduct falls short of the obligations owed by a member of the bar to the court and, as a result, caused additional expense to Defendant. *In re Ruben*, 825 F.2d at 984.

Notwithstanding the apparent adequacy of the pre-filing investigation or counsel's good faith belief in the merits of Plaintiff's suit at its commencement, Hons. Embry and Hallock continued to pursue the case once it became apparent – regardless of the evidence which they may have honestly believed they could marshal in their client's favor – that the claim had no basis going forward because of Plaintiff's failure to prosecute the case by participating in discovery, as required by the applicable rules, or to properly seek additional time to fulfill those obligations. Nonetheless, the Court is not persuaded that this "[i]mproper purpose" was an exercise of bad faith or was even "tantamount to bad faith" and declines to award sanctions pursuant to its inherent power on the facts before it.

Accordingly, pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §

16

1927, the Court shall award Defendant their fees, costs, and expenses which resulted from the filing of Plaintiff's Response [Record No. 18] on April 9, 2008, to be paid by Hons. Embry and Hallock.  The evidence presented by Defendant demonstrates that fees and expenses in the amount of $11,529.27 have been incurred by Defendant since Plaintiff's Response to Defendant's Motion for Summary Judgment was filed.[9]  By granting this relief but limiting it to an amount equal to the fees and expenses which resulted from the ill-fated Response, the award avoids chilling anyone's enthusiasm or creativity in pursing factual or legal theories  but functions "to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).

Accordingly, **IT IS ORDERED**:

(1)  that the Motion to Strike Plaintiff's Surreply to Defendant's Motion for Attorney's Fees and Expenses filed by Defendant E.W. James & Sons, Inc. [Record No. 35] shall be, and the same hereby is, **GRANTED**;

(2)  that the Clerk shall **STRIKE** Plaintiff and Plaintiff's counsel's Response Memorandum in Response to Defendant's Reply Brief [Record No. 34];

(3)  that Plaintiff and Plaintiff's counsel's Motion for Leave to File Surreply [Record No. 36] shall be, and the same hereby is,

---

[9] The hourly rates of counsel for Defendant, $220 and $350 per hour, are not unreasonable, nor is the amount of time spent or expenses involved in addressing Plaintiff's Response.

**DENIED**; and

(4) that the Motion for Attorney's Fees and Expenses filed by Defendant E.W. James & Sons, Inc., shall be, and the same hereby is, **GRANTED**.

This the 27th day of January, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge